Zhang v. Sessions

BIA
Loprest, IJ
A205 427 612

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand eighteen.

PRESENT:
        ROBERT D. SACK,
        BARRINGTON D. PARKER,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges.*
_____

RONGWEI ZHANG,
        *Petitioner,*

        v.                                          16-2797
                                                    NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Thomas V. Massucci, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Julie M.
                         Iversen, Senior Litigation
                         Counsel; Annette M. Wietecha,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rongwei Zhang, a native and citizen of the People's Republic of China, seeks review of an August 1, 2016, decision of the BIA affirming a December 9, 2014, decision of an Immigration Judge ("IJ") denying Zhang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rongwei Zhang,* No. A205 427 612 (B.I.A. Aug. 1, 2016), *aff'g* No. A205 427 612 (Immig. Ct. N.Y. City Dec. 9, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

"Considering the totality of the circumstances, and all relevant factors, [an IJ] may base a credibility determination on the applicant's . . . demeanor, candor, or

2

responsiveness . . . the consistency between the applicant's . . . written and oral statements . . ., the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64, 167. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the agency's determination that Zhang was not credible.

The agency reasonably relied on a discrepancy regarding Zhang's detention: while Zhang alleged that she was detained at her workplace for 2 days and was later arrested and detained by the police for 6 days, letters she submitted from her husband and her sister describe threats and harassment, but do not mention that she was arrested or detained. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67 & n.3 ("An inconsistency and an omission are, for [credibility] purposes, functionally equivalent."). Zhang did not provide an explanation for the discrepancy. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that agency is not required to

3

credit explanations that are less than compelling). Discrepancies regarding Zhang's union membership and the date and manner she was fired from her job at the liquor factory provided further support for the adverse credibility ruling.  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67.

The adverse credibility determination was bolstered by the IJ's negative demeanor assessment, to which we defer. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (granting particular deference to the agency's demeanor findings).  Review of the transcript confirms that Zhang took several long pauses and had difficulty answering questions, especially on cross examination.

The agency also reasonably relied on Zhang's failure to provide rehabilitative corroborating evidence.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate [her] . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").  The agency did not err in discounting the letters from Zhang's husband and sister: these letters were authored by interested witnesses who were unavailable for

4

cross examination, the letters contained substantially similar language, and, as described above, the letters conflicted with Zhang's testimony because they omitted her detention. *Y.C. v. Holder*, 741 F.3d 325, 334 (2d Cir. 2013) (deferring to agency's decision to give limited weight to letter from applicant's spouse in China). And Zhang's failure to submit proof of her employment was problematic because she alleged that she was employed at the same factory for over 20 years and received multiple awards for her performance.

Because Zhang's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). In light of this outcome, we do not address the agency's alternative conclusion that Zhang was not harmed on account of a political opinion. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal

5

that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court